UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS, LOCAL
756,

        Plaintiff,

v.                                          Case No:   6:24-cv-1176-CEM-LHP

JAM ELECTRIC, LLC,

        Defendant

## ORDER

This cause comes before the Court on Plaintiff's Motion for Entry of Default Judgment on Enforcement of the Arbitration Award. Doc. No. 16. The matter has been referred to the undersigned and is ripe for review. Upon consideration, and for the reasons discussed below, the motion (Doc. No. 16) will be **DENIED without prejudic**e.

In sum, Plaintiff International Brotherhood of Electrical Workers, Local 756 ("Plaintiff"), a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(5), instituted this action against Defendant Jam Electric, LLC ("Defendant"), seeking to enforce a grievance decision. Doc. No. 1.

Plaintiff represents employees of Defendant.  *Id.* ¶¶ 1–2.  On November 17, 2022, Plaintiff and Defendant became parties to a collective bargaining agreement ("CBA") through September 1, 2024.  *Id.* ¶ 5; *see* Doc. No. 1-1, at 1–31.  The CBA contains procedures for resolution of grievances or disputes between the parties, which were to be resolved by a Labor-Management Committee.  Doc. No. 1 ¶ 6; Doc. No. 1-1, at 3–4 §§ 1.05–1.10.  On January 9, 2023, Plaintiff submitted a grievance to the Labor-Management Committee alleging that Defendant violated Article III of the CBA by failing to pay wages and benefits to certain employees represented by Plaintiff.  Doc. No. 1 ¶ 7; Doc. No. 1-1, at 32–33.  On February 7, 2023, the Labor-Management Committee issued a letter titled "Re: Grievance Settlement," stating that it found Defendant had violated sections 3.06, 3.12, 3.14, and 3.15 of the CBA, but that the parties had mutually agreed that wages and benefits would be paid by a date certain, in addition to interest or liquidated damages as required.  Doc. No. 1 ¶ 8; Doc. No. 1-1, at 34.  The letter also states:

> The aforementioned settlement of this grievance is hereby resolved with no admittance of wrongdoing on behalf of JAM Electric, LLC. This settlement shall not in any way set a precedent over any future grievances, which shall be based on the grievances' own merit.

Doc. No. 1-1, at 34.

In the complaint, Plaintiff "sues to enforce a grievance decision" and brings two claims: Enforcement of the Arbitration Award (Count I), and Audit of Defendant's Records (Count II).  Doc. No. 1, at 1, 4.  And by the present motion,

and based on Defendant's failure to appear and the entry of Clerk's default, *see* Doc. Nos. 13–15, Plaintiff seeks default judgment. Doc. No. 16. Upon review, the Court does not find the motion adequately supported as to either Count I or II.

As to Count I, in neither the complaint nor the motion for default judgment does Plaintiff point to a standard "grievance decision" or an "arbitration award." Doc. Nos. 1, 16. Instead, Plaintiff points only to the letter from the Labor-Management Committee outlining a "Grievance Settlement" which includes no admission of wrongdoing on behalf of Defendant. Doc. No. 1-1, at 34. Plaintiff points to no portion of the CBA nor any legal authority demonstrating that this letter constitutes a "grievance decision" that would be sufficient to support a claim for "enforcement of an arbitration award" as set forth in the complaint. *See* Doc. No. 16. Accordingly, the present motion is insufficient to support default judgment on Count I.

Regarding Count II, Plaintiff does not separately address this claim in the motion for default judgment, and instead generally states: "Local 756 is entitled to audit JAM ELECTRIC's Courts have enforced the right to audit an employer's books and records 'when a collective bargaining agreement give trustees the right to audit.'" Doc. No. 16, at 11 (citing *Trs. of Fla. Carpenters Pension Fund v. Cook Retail Constr. Servs., LLC*, No. 5:23-cv-76-JSM-PRL, 2023 WL 5182524, at *3 (M.D. Fla. July 13, 2023), *report and recommendation adopted*, 2023 WL 5173778 (M.D. Fla. Aug. 11,

2023)). This Court recently rejected a similar conclusory argument where, like here, Plaintiff points to no provision of the CBA entitling it to such relief. *See Int'l Bhd. of Elec. Workers v. Jam Elec., LLC*, No. 6:24-cv-213-CEM-RMN, 2024 WL 5315347, at *3 (M.D. Fla. Dec. 20, 2024), *report and recommendation adopted*, 2025 WL 57599 (M.D. Fla. Jan. 9, 2025). Thus, Plaintiff has not established entitlement to default judgment on Count II. *See Int'l Bhd. of Elec. Workers v. Jam Elec., LLC*, No. 6:24-cv-213-CEM-RMN, 2025 WL 57599, at *1 (M.D. Fla. Jan. 9, 2025) (denying default judgment and dismissing similar claim).

Finally, Plaintiff fails to adequately brief what relief it seeks, as Plaintiff seeks both current monetary relief and speculative future relief should Defendant make payments under the terms of the Labor-Management Committee letter, such as collection costs and expenses, attorney's fees, and auditor's fees if required. Doc. No. 16, at 12. Plaintiff provides no citation to the record or legal authority supporting the relief sought, however, nor does Plaintiff address if entry of a monetary judgment at this point would be feasible. *Cf. Int'l Bhd. of Elec. Workers*, 2024 WL 5315347, at *4–5, *report and recommendation adopted*, 2025 WL 57599 (M.D. Fla. Jan. 9, 2025) (entering injunctive as opposed to monetary relief on a similar claim). In a renewed motion, Plaintiff must provide citation to both the complaint and supporting exhibits as well as legal authority establishing the propriety of the relief it seeks.

Accordingly, Plaintiff's motion (Doc. No. 16) is **DENIED without prejudice**. It is **ORDERED** that within **fourteen (14) days** of the date of this Order, Plaintiff shall file a renewed motion for default judgment. The renewed motion must be supported by a memorandum of legal authority establishing that the well pleaded allegations of the complaint and supporting exhibits establish each of the elements of the claims for which Plaintiff seeks default judgment. In making this showing, Plaintiff shall provide pinpoint citations to the complaint and supporting exhibits establishing entitlement to the relief sought.

**DONE** and **ORDERED** in Orlando, Florida on May 20, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties