# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 756,

Plaintiff,

v. Case No.: 6:24-cv-01176-CEM-LHP

JAM ELECTRIC, LLC,

Defendant.

---

## ORDER

Before the Court is Plaintiff's Motion for Entry of Default Judgment. Doc. No. 37. For the reasons that follow, the motion (Doc. No. 37) will be denied without prejudice.

Plaintiff International Brotherhood of Electrical Workers, Local 756 initiated this action against Defendant Jam Electric, LLC on June 26, 2024, alleging claims related to a collective bargaining agreement ("CBA") Plaintiff and Defendant entered into on November 17, 2022. Doc. No. 1. Specifically, Plaintiff sought enforcement of an arbitration award related to Plaintiff's efforts to enforce various provisions of the CBA, and an audit of Defendant's records. *Id.* Plaintiff effected service of process on Defendant on July 12, 2024 (Doc. No. 9), but Defendant never

appeared. Accordingly, on Plaintiff's motion, Clerk's default was entered on August 30, 2024. Doc. Nos. 13-15.

Plaintiff thereafter moved for default judgment (Doc. No. 16), which the Court denied without prejudice on May 20, 2025 for failure to sufficiently support (with evidence or argument) Plaintiff's claims, and for failure to adequately brief the requested relief. Doc. No. 17. The Court provided Plaintiff fourteen (14) days to file a properly supported motion for default judgment. *Id.*

Rather than renew its motion, on November 2, 2025 Plaintiff filed an authorized amended complaint, which is now the operative pleading. Doc. No. 29. *See also* Doc. Nos. 19, 21, 24-28. The amended complaint alleges, in sum, that Defendant failed to pay wages and benefits to employees represented by Plaintiff in violation of §§ 3.06, 3.12, 3.14, and 3.15 of the CBA. *Id.* ¶¶ 5-11. Pursuant to the terms of the CBA, Plaintiff submitted a grievance to a Labor Management Committee ("LMC"), which ultimately issued a decision finding that Defendant had violated the CBA, and established a payment schedule for these wages and benefits, to which Plaintiff and Defendant stipulated, but Defendant has failed to comply with. *Id.* ¶¶ 10-12. Plaintiff further alleges that Defendant has breached the CBA and related agreements by failing to make timely contributions to the National Employee Benefit Fund, by failing to make timely contributions to the Amended Agreement and Declaration of the NECA-IBEW Family Medical Care Plan, and by

failing to make timely contributions to the Local Pension Fund. *Id.* ¶¶ 15-20, 22-26, 28-33.

Based on these allegations, Plaintiff now brings a claim for enforcement of the LMC's grievance decision and stipulated payment schedule (Count I), and three breach of contract claims for the aforementioned breaches of the CBA (Counts II-IV). Doc. No. 29. As relief, Plaintiff seeks a judgment confirming and enforcing the grievance decision, an order enjoining Defendant to comply with the decision, an order finding Defendant has breached the CBA, and an order enjoining Defendant to make all unpaid benefit contributions, including penalties, late fees, collection fees, and attorneys' fees. *Id.* at 5-6, 7, 9.

Plaintiff served Defendant with the amended complaint (Doc. No. 32), but Defendant again failed to appear, so the Court entered Clerk's default on February 6, 2026. Doc. Nos. 33-35. And on June 8, 2026, Plaintiff filed the present motion, through which it seeks "partial default judgment as to liability," against Defendant, administrative closing of the case, and retention of jurisdiction to enter a sum certain "if necessary." Doc. No. 37, at 1, 7. Plaintiff attaches no evidence in support of its motion, and instead submits an impermissible proposed order. Doc. No. 37-1; *see* Local Rule 3.01(k).

Upon review, the Court finds several deficiencies with the motion that preclude its granting. First, the motion (Doc. No. 37) incorporates by reference a

previously-filed declaration (Doc. No. 16-1), in violation of Local Rule 3.01(h). Second, while Plaintiff does not so specify, it appears that the motion only relates to Count I, as it only discusses enforcement of the LMC's grievance decision. Doc. No. 37. However, Plaintiff nowhere explains what is to happen with Counts II-IV, as the motion simply asks for default judgment as to liability, without specifying as to which claims, or the extent of liability sought.[1] And Plaintiff's request to "close the case administratively" and to retain jurisdiction in the event default judgment "in a sum certain" is required only leads to further confusion, as it is entirely unclear whether Plaintiff has abandoned Counts II-IV, or is seeking to defer ruling on them pending some unspecified further proceedings. Moreover, Plaintiff wholly fails to provide any legal authority supporting its requested course of action.

Accordingly, Plaintiff's motion is **DENIED without prejudice**. Within **twenty-one (21) days** from the date of this Order, Plaintiff shall file a renewed motion for default judgment. The renewed motion must be supported by a

[1] This lack of clarity is only compounded because as to Counts II-IV, Plaintiff fails to provide any facts or argument establishing whether these claims are duplicative of Count I and simply pleaded in the alternative, or if they are based on different violations of the CBA. This matters because if they are different alleged CBA violations, Plaintiff has not alleged that it has exhausted the CBA's grievance procedures as they relate to these claims. *See Tracy v. Fla. Atl. Univ. Bd. of Trs.*, 980 F.3d 799, 805 (11th Cir. 2020) ("An employee claiming a breach by his employer of the collective bargaining agreement . . . must attempt to use the grievance . . . procedure established by . . . the collective bargaining agreement prior to bringing suit in federal court." (citation and internal quotation marks omitted)). The Court notes that Plaintiff's amended complaint only references "certain hours worked by certain employees" without exposition. Doc. No. 29 ¶¶ 18, 24, 31.

memorandum of legal authority establishing that the well pleaded allegations of the amended complaint and attached exhibits establish the claims for which Plaintiff seeks default judgment. Such motion must address all relevant issues, including those identified in this Order and the Court's May 20, 2026 Order (Doc. No. 17). Plaintiff must clearly identify the claim(s) upon which it is seeking default judgment, must clearly identify whether it is abandoning any claims not addressed in the motion, and must provide applicable legal authority establishing liability, any requested relief, and any requested future course of the litigation (such as partial default judgment and/or retaining jurisdiction). The renewed motion must also be a stand-alone document and may not incorporate by reference any prior motions or attachments thereto. *See* Local Rule 3.01(h).

This will be Plaintiff's third opportunity to obtain default judgment, and the Court notes that Plaintiff has previously missed several deadlines, resulting in at least three (3) Orders to Show Cause. *See* Doc. Nos. 10, 17, 25, 36. Accordingly, failure to file a renewed motion by the stated deadline **will** result in a recommendation to the Presiding District Judge that this case be dismissed without prejudice in its entirety. And failure to support any claim or request for relief in a renewed motion will result in a recommendation to the Presiding District Judge that the deficient claim/request for relief be denied.

**DONE** and **ORDERED** in Orlando, Florida on September 28, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record